UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

OMER W. KHWAJA,

Plaintiffs,

Case No. 19-cv-7070 (GBD) (SDA)

-against-

JOBS MOVE TO AMERICA, et al.,

Defendants.

-------------------------------------------------------------X

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Sarah O. Varela (Admitted pro hac vice)
Kimberley C. Weber (Admitted pro hac vice)
MCCRACKEN, STEMERMAN & HOLSBERRY, LLP
595 Market Street, Suite 800
San Francisco, California 94105
Telephone: 415.597.7200
Fax: 415.597.7201
Email: svarela@msh.law
kweber@msh.law

Robert B. Stulberg
Patrick J. Walsh
Julie A. Dabrowski
BROACH & STULBERG, LLP
One Penn Plaza, Suite 2601
New York, New York 10119
Telephone: 212.268.1000
Fax 212.947.6010
Email: rstulberg@brostul.com
pwalsh@brostul.com
jdabrowski@brostul.com

*Attorneys for Defendants*

# Table of Contents

I. Introduction ........................................................................................................ 1

II. Argument ............................................................................................................ 2

A. The Court Should Dismiss the Race and National Origin Claims in the First, Second, Sixth and Seventh Causes of Action Without Leave to Amend. ................. 2

1. Plaintiff failed to state a claim for national origin or race-based discrimination under Section 1981, Title VII, or any other law. .................................... 2

2. Plaintiff failed to state a plausible claim for retaliation. ................................................ 3

B. The Court Should Dismiss the Third, Fourth, and Fifth Causes of Action. ....................... 3

1. Plaintiff failed to state a plausible claim for a violation of federal or state equal pay laws. ........................................................................................ 3

2. Plaintiff failed to state a plausible claim for retaliation. ................................................ 3

3. Plaintiff should not be granted leave to amend these claims. ......................................... 4

C. The Court Should Dismiss the Claims for Gender Discrimination in the First, Second, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action. ................. 5

1. Plaintiff failed to allege a plausible hostile work environment claim. ............................ 5

2. Plaintiff failed to allege a plausible disparate treatment claim. ...................................... 7

3. Plaintiff failed to allege a plausible claim under New York City law. ........................... 8

4. Defendants Nguyen and Janis should be dismissed from the suit. .................................. 9

5. Plaintiff has an exclusive remedy for Family Leave Benefit claims. ............................... 9

6. Plaintiff failed to state a plausible claim for retaliation. ............................................... 10

V. Conclusion ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abe v. New York Univ.*,
94 N.Y.S.3d 17 (2019)....8

*Alfano v. Costello*,
294 F.3d 365 (2d Cir. 2002)....5, 6

*Breitstein v. Michael C. Fina Co.*,
68 N.Y.S.3d 41 (2017)....8

*Byrnie v. Town of Cromwell, Bd. of Educ.*,
243 F.3d 93 (2nd Cir. 2001)....4

*Cruz v. Coach Stores, Inc.*,
202 F.3d 560 (2d Cir. 2000)....10

*De la Cruz v. City of N.Y.*,
783 F. Supp. 2d 622 (S.D.N.Y. 2011)....10

*De La Pena v. Metropolitan Life Ins. Co.*,
953 F. Supp. 2d 393 (E.D.N.Y. 2013)....7

*E.E.O.C. v. Port Authority of New York & New Jersey*,
768 F.3d 247 (2d Cir. 2014)....3

*Forrest v. Jewish Guild for the Blind*,
3 N.Y.3d 295 (2004)....7

*Greathouse v. JHS Sec. Inc.*,
784 F.3d 105 (2d Cir. 2015)....3

*Harris v. Forklift Sys., Inc.*,
510 U.S. 17 (1993)....5

*Honey v. Cnty. of Rockland*,
200 F.Supp.2d 311 (S.D.N.Y .2002)....7

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015) (Title VII and Section 1981 standards of review)....2

*Lopez v. SB Thomas, Inc.*,
831 F.2d 1184 (2d Cir. 1987)....6

*Manessis v. New York City Dep't of Transp.*,
No. 02 CIV. 359 (SAS), 2003 WL 289969 (S.D.N.Y. Feb. 10, 2003), *aff'd* 86 F. App'x 464 (2d Cir. 2004) ....................6

*Massaro v. Dep't of Educ. of City of New York*,
993 N.Y.S.2d 905 (2014)....................9

*Mauze v. CBS Corp.*,
340 F. Supp. 3d 186 (E.D.N.Y. 2018) ....................4

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)....................1

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)....................8, 9, 10

*Parra v. City of White Plains*,
48 F. Supp. 3d 542 (S.D.N.Y. 2014)....................7

*Ptasznik v. St. Joseph Hosp.*,
464 F.3d 691 (7th Cir. 2006) ....................1

*Rose v. Goldman, Sachs & Co., Inc.*,
163 F. Supp. 2d 238 (S.D.N.Y. 2001)....................3

*Scaria v. Rubin*,
117 F.3d 652 (2d Cir. 1997)....................4

*Schwapp v. Town of Avon*,
118 F.3d 106 (2d Cir. 1997)....................2

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015)....................7

*Whitfield-Ortiz v. Dep't of Educ. of City of New York*,
984 N.Y.S.2d 327 (2014)....................9

*Williams v. Brooklyn Union Gas Co.*,
819 F. Supp. 214 (E.D.N.Y. 1993) ....................9

*Williams v. N.Y.C. Hous. Auth.*,
872 N.Y.S.2d 27 (2009)....................8

**Statutes**

Equal Pay Act ....................3

New York City's Human Rights Law....................8, 9

Workers' Comp. L. §§ 120, 203-A ........................................................................................9

## I. INTRODUCTION

Plaintiff failed to contravene a fundamental truth: JMA terminated Plaintiff for bullying and unsatisfactory job performance after he "had an emotional outburst" that led a staffer to report "that she feared for her safety at work." (Compl. ¶ 26(m), (o), 30-32, 48 & Ex. A.) In fact, in his Response, Plaintiff recognized that he had a "conflict" with multiple female JMA workers. (Dkt, 38, Resp. to MTD at 2 ¶¶ 2, 4 [sic].) Plaintiff's admitted history of conflict and outbursts in the workplace is a legitimate and non-discriminatory basis for Plaintiff's termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973).

In his improper Response,[1] Plaintiff discussed a series of unrelated and unfocused complaints about his work place which do not correlate to any claim of discrimination. These grievances must be dismissed. "Federal courts have authority to correct an adverse employment action only where the employer's decision is unlawful, and not merely when the adverse action is unwise or even unfair." *Ptasznik v. St. Joseph Hosp*., 464 F.3d 691 (7th Cir. 2006). Plaintiff does not have the right to drag JMA into court so that he can air his grievances.

Plaintiff's Complaint fails to state a claim on which relief can be granted because he failed to adequately state a claim for national origin or race-based discrimination under Section 1981 or Title VII, failed to adequately state a claim for unequal pay, and failed to adequately state a claim for gender discrimination. As argued in the Motion to Dismiss, all claims against Defendant JMA, Defendant Janis, and Defendant Nguyen should be dismissed.

---

[1] Defendants object to Plaintiff's attempt to supplement that facts in his Complaint through his declaration. The Court should not rely upon the Declaration of Omer Khwaja ¶¶ 1-13 & Exs. II-IV. These facts were not alleged, attached, or incorporated in Plaintiff's Complaint. Defendants do not object to the incorporated "parental leave policy set forth in JMA's employee handbook," (Janis Decl. ¶ 4 & Ex. 2; Khwaja Decl. Ex. I), or to the EEOC charge, (Khwaja Decl. Ex. V).

## II. ARGUMENT

### A. The Court Should Dismiss the Race and National Origin Claims in the First, Second, Sixth and Seventh Causes of Action Without Leave to Amend.

#### 1. Plaintiff failed to state a claim for national origin or race-based discrimination under Section 1981, Title VII, or any other law.

As explained in the Motion to Dismiss, (Dkt. 30-1, MTD at 9-10), Plaintiff failed to sufficiently allege that he suffered any adverse employment actions "because of" race or national origin or that he suffered through a hostile work environment. *See Littlejohn v. City of New York,* 795 F.3d 297, 312 (2d Cir. 2015) (Title VII and Section 1981 standards of review). He alleged no discriminatory animus directed towards persons of his race or national origin. Although he pled "disparaging" comments towards others, the alleged commentary is not directed towards any minority or minorities, but rather broadly to "white" women, "white" males, "prominent black figures," and "affirmative action hires." (Compl. ¶ 28(a)-(l).) This potpourri of "disparaging" comments does not support Plaintiff's claim of racial discrimination. *Contra Schwapp v. Town of Avon*, 118 F.3d 106, 111-12 (2d Cir. 1997) (finding that harassment of *other minorities* was relevant to whether a black officer experienced a racially environment).

Plaintiff's Response to the Motion to Dismiss only emphasizes Plaintiff's failure to identify discrimination against him based on his race or national origin. In his Response, Plaintiff complains that "Defendants' attitude towards men of color (or nonwhite males) is markedly different than JMA's treatment of women of color as well as women generally." (Dkt. 38 at 4.) By his own words, Plaintiff's concern is about gender—with people of color on either side of the alleged gender divide. Plaintiff cannot support his race-based and national-origin claims.

Plaintiff failed to exhaust his Title VII remedies for race-based and national-origin discrimination for the same reason. While Plaintiff attempts to blame the EEOC investigator for failing to pursue Plaintiff's claims, the real problem lies with Plaintiff's own description of

supposedly unlawful activity in his EEOC charge. (Decl. of Omer Khwaja ¶ 13 & Ex. V at 3, dated Oct. 11, 2019.) All the factual allegations focus on sex discrimination. (*Ibid.*)

**2. Plaintiff failed to state a plausible claim for retaliation.**

Plaintiff did not allege any protected activity related to racial or national origin discrimination. Accordingly, Plaintiff's claims of retaliation based on opposition to race-based or national-origin discrimination should be dismissed.

**B. The Court Should Dismiss the Third, Fourth, and Fifth Causes of Action.**

**1. Plaintiff failed to state a plausible claim for a violation of federal or state equal pay laws.**

The pleading standard for Equal Pay Act or Equal Pay provision claims is specific though not onerous. A plaintiff must identify, through his pleadings, comparator-employees of the opposite sex and allege that "the employees perform equal work on jobs requiring equal skill, effort, and responsibility . . . under similar working conditions." *E.E.O.C. v. Port Authority of New York & New Jersey*, 768 F.3d 247, 254-55 (2d Cir. 2014); *Rose v. Goldman, Sachs & Co., Inc.*, 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001) (New York's Equal Pay provision standard). The Complaint fails to allege with any specificity that a female performed equal work to Plaintiff under similar working conditions or in a similar geographic region. (Dkt. 30-1, MTD at 11-13.)

**2. Plaintiff failed to state a plausible claim for retaliation.**

Plaintiff failed to allege that he engaged in activity protected by Section 215(a)(3) of the Equal Pay Act. None of the allegations are sufficient to put Defendants on notice that Plaintiff was, at any time, "asserti[ng] rights protected by the statute and a call[ing] for their protection." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Nor has Plaintiff alleged a sufficient timeline nexus between his requests for a raise and his February termination.

**3. Plaintiff should not be granted leave to amend these claims.**

Essentially, Plaintiff disputes JMA's evaluation of supervisory "experience." (Compl. ¶¶ 24-25; Janis Decl. Ex. 3.) Plaintiff's improper attempt to supplement facts proves this point. (Khwaja Decl. ¶ 10 & Ex. III.) For Defendants' objection to the improper evidence, see, *supra,* n.1. While the Court should not rely on these facts to rule on the Motion to Dismiss, Defendants find the additional facts relevant to whether Plaintiff should be permitted to amend his Equal pay claims.

Plaintiff wanted JMA to credit his education as "years of experience as a supervisor." (*Id.*) However, JMA has discretion to evaluate its employees' qualifications. *Cf. Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2nd Cir. 2001) ("[T]he court must respect the employer's unfettered discretion to choose among qualified candidates."). The courts' "role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments." *Id.* (quoting *Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999); *see also Mauze v. CBS Corp.*, 340 F. Supp. 3d 186, 206 (E.D.N.Y. 2018) (quoting same). The Second Circuit was faced with similar arguments in *Scaria v. Rubin*, 117 F.3d 652, 654-55 (2d Cir. 1997). In *Scaria*, a male candidate sued when the IRS awarded a position to a female applicant with less education but more years of experience at the IRS. *Id.* Reviewing the record, the Second Circuit found no issue with the IRS's "value judgment" to give more weight to experience over education. *Id.* Like in *Scaria*, Plaintiff's argument over how to define "supervisory experience" cannot serve as the basis for a discrimination claim. Accordingly, Defendants ask that these claims be dismissed without leave to amend.

**C. The Court Should Dismiss the Claims for Gender Discrimination in the First, Second, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action.**

**1. Plaintiff failed to allege a plausible hostile work environment claim.**

Plaintiff argued in his Response that he alleged a hostile work environment claim. Defendants disagree.[2] To make out a hostile work environment claim, Plaintiff must plausibly allege that his workplace was permeated with "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993) (quoting *Meritor Say. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). The claim must be analyzed subjectively and objectively. *See id*. at 21. The court must also consider whether "the conduct occurred because of [Plaintiff's] sex." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002).

Nothing that Plaintiff alleges rises to the level of an objective hostile work environment. When reviewing hostile work environment claims, courts consider factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. None of the Complaint's allegations qualify as "severe" or "physically threatening." *Id.* Plaintiff also failed to allege that any of the alleged conduct interfered with his work performance. In his Complaint, Plaintiff alleged that his suspension resulting in a termination has negatively affected him now that he has left JMA, (Compl. ¶ 55), but not that his work itself was negatively impacted while he was still at JMA.

Most of Plaintiff's allegations can be categorized as "mere offensive utterance[s]." *Id.* Many of Plaintiff allegations are sex-neutral on their face and Plaintiff does not provide any

[2] Plaintiff did not allege a hostile work environment claim under Title VII. (Compl. ¶¶ 56-65.)

allegation to support the inference that the conduct was in fact discriminatory. (Compl. ¶¶ 27, 28(d)-(g), 28(k), 29(b)-(c), 29(e)-(f), 29(j), 29(o)-(u), 30-38, 40-52.) These allegations may be excluded from consideration. *See Alfano*, 294 F.3d at 378 (finding it appropriate to exclude alleged incidents from consideration in a hostile work environment claim where "there is nothing in the record to indicate that [the defendant's] unfairness (if any) was motivated by [the plaintiff's] sex."); *see also Manessis v. New York City Dep't of Transp.*, No. 02 CIV. 359 (SAS), 2003 WL 289969, at *6 (S.D.N.Y. Feb. 10, 2003), *aff'd* 86 F. App'x 464 (2d Cir. 2004) ("[T]he record is devoid of any evidence that the remaining eight allegations were in fact motivated by discriminatory animus.").

When "the claimed incidents in the instant case were few in number and occurred over a short period of time, they fail to allege a [] hostile working environment." *Lopez v. SB Thomas, Inc.*, 831 F.2d 1184, 1190 (2d Cir. 1987). From his year of employment, Plaintiff identified six comments that arguably relate to sex, including unknown remarks allegedly made by one Defendant against another Defendant and "other white and Jewish women." (Compl. ¶¶ 26(g)(vi)(c), 28(a), 28(c), 28(h), 28(i), 28(l).) With respect to discrimination against men, Plaintiff objected to the generalizations the Defendant Directors allegedly made regarding white males in the labor movement and the violent tendencies of the father of the Executive Director's children. (Compl. ¶¶ 28(h)-(i).) According to Plaintiff's own words, neither of these stereotypes were applied to him in any way. (*Id.*) Only two of Plaintiff's offerings were directed at him: that Plaintiff was "trapped in a [sic] old, white man's body" and that it was "unusual for Plaintiff, a man, to be so actively involved in caring for his infant son." (*Id.* ¶¶ 26(g)(vi)(c), 28(a).) Neither of these comments manifest animus towards men as a sex. The sex-based comments that Plaintiff alleges, even if true, would not create a hostile work environment. *See Alfano*, 294 F.3d at 379

(reviewing cases to describe the "threshold" for hostile work environment claims). Occasional, stereotyping comments do not merit relief.

**2. Plaintiff failed to allege a plausible disparate treatment claim.**

For a disparate treatment claim, Plaintiff must plausibly allege that JMA took adverse action against him because of his sex. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *see also Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 (2004) (NYSHRL standard). Specifically, a disparate treatment claim requires a "tangible, 'discrete harm such as hiring or discharge.'" *Parra v. City of White Plains*, 48 F. Supp. 3d 542, 553 (S.D.N.Y. 2014) (quoting *Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001)). As explained in the Motion to Dismiss, Plaintiff listed several grievances which do not qualify as adverse actions, including being asked to not list his name as the author of a blog post he did not write, complaining about managerial responsibilities, the denial of a departure from the salary scale, an eventual termination of his work-from-home scheduling accommodation, and a denial of a parental leave according to JMA policy. (Dkt. 30-1 at 16-20.) These gripes do not rise to the level of adverse action. *See generally Honey v. Cnty. of Rockland*, 200 F.Supp.2d 311, 320 (S.D.N.Y .2002) ("[R]eprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation.").

Plaintiff identified only one adverse action—his termination—but failed to plead with sufficient specificity that his termination was motivated by gender discrimination. As argued in the Motion to Dismiss, (Dkt. 30-1, MTD at 16-20), Plaintiff offered no substantive allegations giving rise to the inference of gender animus. *See De La Pena v. Metropolitan Life Ins. Co.*, 953 F. Supp. 2d 393, 413 (E.D.N.Y. 2013) (dismissing complaint where there was insufficient

evidence to state a case for employment discrimination).

**3. Plaintiff failed to allege a plausible claim under New York City law.**

While sex-based harassment need not be "severe and pervasive" to violate New York City's Human Rights Law, the "conduct complained of" must be objectively adverse. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110-11 (2d Cir. 2013). The Plaintiff must also allege that any alleged mistreatment was "caused by a discriminatory motive." *Id.* "[A] few vague and stray remarks, [] do not, without more, constitute evidence of discrimination" under the NYCHRL. *Abe v. New York Univ*., 94 N.Y.S.3d 17, 21 (2019); *see also Breitstein v. Michael C. Fina Co.*, 68 N.Y.S.3d 41, 43 (2017) (same).

Plaintiff's Reply focuses on his attempts to take, and ultimate success in taking, parental leave while at JMA. (Dkt. 38, Resp. to MTD at 2-3, 9-11.) Plaintiff alleged that a Defendant commented that it was "unusual for Plaintiff, a man, to be so actively involved in caring for his infant son." (Compl. ¶ 26(g)(vi)(c).) Theoretically, stereotyping comments about gender roles could be actionable. *Williams v. N.Y.C. Hous. Auth*., 872 N.Y.S.2d 27, 41 n.30 (2009). But Plaintiff does not allege how this comment, especially in light of the fact that Plaintiff was granted parental leave, (Compl. ¶ 26(g)(vi)), negatively affected his working environment. After all, to prove a violation of the NYCHRL, Plaintiff must prove that he was treated "less well" than comparators. *Mihalik*, 715 F.3d at 110. This comment, alone, does not evince the presence of discrimination or disparate treatment.

Plaintiff dwelled on the allegation that another employee, Alaa Milbes, was granted leave under JMA's parental leave policy while he was not. (Compl. ¶ 26; Dkt. 38, Resp. to MTD at 2.) However, Plaintiff failed to allege that Ms. Milbes was *un*qualified for parental leave under JMA's policy or that he was *eligible* for such leave. (Compl. ¶ 26.) A review of the "parental

leave policy set forth in JMA's employee handbook," shows that Plaintiff did not immediately qualify for JMA's parental leave according to Plaintiff's own allegations. (Compl. ¶ 26(a)-(d); Janis Decl. ¶ 4 & Ex. 2; Khwaja Decl. Ex. I). When Plaintiff became eligible for parental leave, he received all the parental leave that he was eligible to take. (Compl. ¶ 26(g)(vi).) Thus, Plaintiff, too, received the parental leave he was eligible to receive. Again, Plaintiff was not treated "less well" than comparators. *Mihalik*, 715 F.3d at 110.

Courts reviewing claims under New York City's Human Rights Law "may still dismiss 'truly insubstantial cases[.]'" *Mihalik*, 715 F.3d at 111 (quoting *Williams*, 872 N.Y.S.2d at 41); *see also Massaro v. Dep't of Educ. of City of New York*, 993 N.Y.S.2d 905, 905 (2014) ("Plaintiff failed to adequately plead discriminatory animus."); *Whitfield-Ortiz v. Dep't of Educ. of City of New York*, 984 N.Y.S.2d 327, 328 (2014) ("[N]one of the allegations listed in the complaint rises to the level of an actionable adverse employment action."). Because no facts support the inference that JMA or its Executive Directors acted with any discriminatory intent when terminating Plaintiff, his claim under New York City's Human Rights Law must fail.

**4. Defendants Nguyen and Janis should be dismissed from the suit.**

Because Plaintiff failed to state a plausible claim for unlawful conduct, he has failed to state a claim against JMA's Executive Director or Deputy Director.

**5. Plaintiff has an exclusive remedy for Family Leave Benefit claims**.

All Plaintiff's allegations related to retaliation or discrimination based on New York's Paid Family Leave Benefits fall within the exclusive province of Workers' Compensation Law. *See* Workers' Comp. L. §§ 120, 203-A; *see also Williams v. Brooklyn Union Gas Co*., 819 F. Supp. 214, 230-31 (E.D.N.Y. 1993) ("Where an employee has a remedy against his employer in proceedings under the Workers' Compensation Law, that remedy is exclusive."). All Plaintiff's

allegations regarding NYPFL benefit administration, interference, and retaliation, (Compl. ¶¶ 22, 26, 26(g)(v), 26(g)(vi), 26(g)(vi)(e), 29(d), 53), cannot be considered as a part of this court litigation. *See De la Cruz v. City of N.Y.*, 783 F. Supp. 2d 622, 646-47 (S.D.N.Y. 2011) (holding that court lacked jurisdiction to hear retaliation claim where the Workers' Compensation Law provided the exclusive remedy for such claims).

**6. Plaintiff failed to state a plausible claim for retaliation.**

Plaintiff failed to plead "participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1, 566 (2d Cir. 2000) (NYSHRL and Title VII retaliation standard); *Mihalik*, 715 F.3d at 112 (NYCHRL retaliation standard). As alleged, Defendants could not have recognized Plaintiff's conduct as opposition to discriminatory practices. (Dkt. 30-1, MTD at 21-22.) Plaintiff also failed to allege any facts drawing a causal connection between his commentary and his termination. For example, while Plaintiff pled that he requested trainings, (Compl. ¶ 29(d), (g)-(h), 39-41), Plaintiff does not allege that he was retaliated against *because* he asked for such trainings. None of the allegations could support such an inference. Plaintiff's claims for retaliation under the gender anti-discrimination laws should be dismissed.

## V. CONCLUSION

Defendants respectfully ask the Court to dismiss the Complaint.

Dated: October 18, 2019

Respectfully submitted,

MCCRACKEN, STEMERMAN & HOLSBERRY, LLP

*/s/ Kimberley C. Weber*
Kimberley C. Weber

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the following document:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

was served electronically through the Notice of Filing from the Southern District of New York ECF system on October 18, 2019 and per the parties agreement sent Via e-mail to Plaintiff who is not registered with the electronic system.

Omer Waqas Khwaja
150 Hopkins Ave., Apt. 1
Jersey City, NJ 07306

okhwaja@gmail.com

Executed this 18th day of October, 2019

*/s/ Marcie Boyle*
Marcie Boyle