UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
OMER WAQAS KHWAJA,

                           Plaintiff,

         -against-

JOBS TO MOVE AMERICA; MADELINE JANIS;
LINDA PEREZ-NGUYEN; ABC CORPS 1-X,

                         Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 7070 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Omer Waqas Khwaja, *pro se*, brings this action against Defendants Jobs to Move America ("JMA"), Madeline Janis, Linda Perez-Nguyen, and ABC Corps 1-X, alleging that Defendants discriminated and retaliated against Plaintiff in violation of (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Equal Pay Act ("EPA"); (3) New York Equal Pay Law ("EPL"); (4) 42 U.S.C. § 1981; (5) the New York State Human Rights Law ("NYSHRL"); and (6) the New York City Human Rights Law ("NYCHRL"), and that Defendants aided and abetted unlawful employment practices in violation of the NYSHRL. (*See* Compl., ECF No. 2, ¶¶ 56–112.) Defendants JMA, Janis, and Nguyen (collectively, the "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Notice of Mot. to Dismiss, ECF No. 30; Mem. of Law in Supp. of Mot. to Dismiss ("Mem. in Supp."), ECF No. 30-1.)

    Before this Court is Magistrate Judge Stewart Aaron's November 13, 2019 Report and Recommendation (the "Report," ECF No. 41), recommending that the Moving Defendants' motion to dismiss be granted. (*See id.* at 21.) In his Report, Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute waiver of those objections on appeal.

(*Id.* at 21–22.) Plaintiff filed timely objections on November 27, 2019.[1] (*See* Pl.'s Objs., ECF No. 42.) Having reviewed Magistrate Judge Aaron's Report, as well as Plaintiff's objections and the Moving Defendants' responses to Plaintiff's objections, this Court overrules the objections and ADOPTS the Report. Accordingly, the motion to dismiss is GRANTED.

## I. FACTUAL BACKGROUND[2]

Plaintiff's claims arise out of his employment as campaign director of JMA's New York City office. (Compl. ¶ 16.) Approximately four months after he began working at JMA, Plaintiff requested paid family leave for which he was not eligible, pursuant to the JMA Employee Handbook. (*Id.* at ¶¶ 18, 26; *see also* Decl. of Madeline Janis in Supp. of Mot. to Dismiss ("Janis Decl."), Ex. 2 ("JMA Employee Handbook"), ECF No. 30-2, at 21.) As such, JMA denied his request. Plaintiff in turn applied for benefits under New York's Paid Family Leave Act, and received benefits thereafter. (Compl. ¶ 26(g)(vi).) Separately, and based upon his belief that he was paid less than his similarly situated female coworker, Plaintiff raised concerns regarding his compensation at "various times" with JMA. (*Id.* ¶¶ 23–24.) Plaintiff alleges that Defendants did not provide him paid leave or an increased salary because he is male and a person of color, and that Defendants retaliated against him for raising these concerns and applying for New York State benefits. (*Id.* ¶¶ 1, 15, 26.) Additionally, Plaintiff alleges that throughout his employment, individual Defendants Janis and

---

[1] Plaintiff's objections, if any, were due by November 27, 2019. Although the objections were not docketed until December 3, 2019, the objections themselves are dated November 27, 2019. This Court has no reason to believe that Plaintiff did not mail these objections within the deadline and the Moving Defendants do not point to any evidence that the objections are untimely other than the date reflected on the docket. (*See* Defs.' Resp. to Pl.'s Objs. to the R. & R. of the United States Magistrate Judge ("Defs.' Resp."), ECF No. 43, at 6.) This Court therefore accepts Plaintiff's objections as timely.

[2] The factual allegations included in this Section are based on information gathered from the initial pleadings and moving papers. The relevant alternative and novel arguments that Plaintiff raises in his objections are addressed in this Court's analysis below.

Nguyen made derogatory comments and treated him differently from others because he is male and a person of color. (*See id.* ¶¶ 28–29.)

Plaintiff alleges that approximately one year into his employment he planned to publish as a blog post a report regarding sexual harassment law. (*Id.* ¶ 29(h).) Plaintiff claims that Defendants Janis and Nguyen directed him to list his name as the primary author, despite the fact that it was in fact written by two female employees. (*Id.* ¶ 29(k).) Upon learning of this decision, JMA's Communications Director told Plaintiff that it would be inappropriate for a male to be listed as the primary author on a report regarding sexual harassment. (*Id.* ¶ 29(l).) Plaintiff—offended by this statement—had what he describes as an "emotional outburst" in front of two female staffers. (*Id.* ¶ 29(m).) As a result, JMA placed Plaintiff on administrative leave, (*id.* ¶ 29(p)), and eventually terminated him. (*See id.*, Ex. A (Termination Letter), at 31–33.) According to the letter, JMA fired Plaintiff based on his "problematic and ineffective supervision as well as bullying of junior level staff," failure to develop a directed campaign for New York, and JMA's concerns regarding Plaintiff's organization, timeliness, and communication. (*Id.*) In turn, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[3] (Compl. at ¶ 13.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of

---

[3] Plaintiff's EEOC charge included claims that he "experienced sexual harassment and discrimination . . . relating to [his] paid family leave request," was victim to "equal pay act violations" because "a female counterpart with less job expectations received higher compensation," and "was terminated in retaliation for seeking paid family leave under the [N]ew [Y]ork law and subsequently speaking out about JMA's unlawful and discriminatory employment practices." (Janis Decl., Ex. 1 ("EEOC Charge") at 5–6.)

3

a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual

allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[4]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013)

### III.     MAGISTRATE JUDGE AARON'S REPORT IS ADOPTED

#### A. Information Included in Plaintiff's Objections Indicate that Plaintiff May be Able to Allege Additional Facts to Support His Claims.

As an initial matter, the Moving Defendants argue that Plaintiff did not exhaust his administrative remedies with regard to his national origin and race-based claims, because Plaintiff's EEOC charge did not specifically reference his national origin or race. (Mem. in Supp. at 7–9.) However, Plaintiff checked the box on the EEOC form indicating that he was alleging discrimination based on origin and race. (*See* EEOC Charge at 5.) As the Report properly explains, by alleging claims of "discriminatory employment practices" in conjunction with checking this box, Plaintiff

---

[4] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda,* 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

properly asserted these claims in his EEOC report and therefore exhausted his remedies below. (Report at 14–15.)

Next, the Moving Defendants assert that Plaintiff failed to state a claim for national origin or race-based discrimination, violation of the EPA or EPL, or gender discrimination. (Mem. in Supp. at 9–22.) In analyzing the pleadings, the Report finds that Plaintiff did not allege facts sufficient to support any of his claims. (*See* Report at 15–20.) Plaintiff's objections to Magistrate Judge Aaron's findings, however, are substantial and provide additional context and information not originally included in the Complaint. Because a court is required to review a *pro se* litigant's complaint liberally, it is "appropriate for the court to consider the factual allegations in the plaintiff's opposition materials to supplement the allegations in the complaint." *Brodsky v. Carter*, No. 15 Civ. 3469 (GBD) (DF), 2015 WL 13746671, at *6 (S.D.N.Y. Dec. 15, 2015) (citations omitted). When viewed in conjunction with his initial pleadings, the allegations Plaintiff includes in his objections indicate that Plaintiff may be able to allege additional facts in support of his claims. This is resolved, however, by granting Plaintiff leave to file an amended complaint.

With regard to Plaintiff's national origin and race-based discrimination claims, for instance, Plaintiff provides in his objections—for the first time—additional context surrounding the comments directed toward him, which he calls "iterative and escalating," and "numerous." (Pl.'s Objs. at 1–4.) Indeed, Plaintiff provides further details regarding JMA's hiring decisions that allegedly hinged on applicants' race, as well as the allegation that he had a discussion with Defendant Nguyen about "being disrespected as a man of color." (*Id.* at 3–4.) Similarly, with respect to his EPA and EPL claims, Plaintiff's objections outline the role and responsibilities of Directors at JMA and reference the JMA employee handbook for additional information regarding Plaintiff's role at the

company.[5] (*Id.* at 4–6.) Finally, with regard to his gender discrimination claims, Plaintiff's objections again supplement—and alter—the allegations he originally asserted in his complaint. Plaintiff alleges that he experienced "bullying" related to his gender. For example, he claims that Defendants "instructed Plaintiff that he was ineligible to take leave under JMA's parental leave policy because he was a man and, therefore, not his son's primary caretaker." (*Id.* at 7.) Additionally, Plaintiff alleges for the first time that he contributed to the blog post regarding sexual harassment, which he previously stated was written by two female staffers. (*Id.* at 8; *but see* Compl. ¶ 29(k).) As the Moving Defendants note, this new assertion is wholly contradictory to Plaintiff's original statements. (*See* Defs.' Resp. at 6.) Plaintiff may be able to clarify and properly bring his claims by fleshing out and further describing this incident, as well as other details and information that he did not include in his initial pleadings.[6]

## B. Plaintiff is Granted Leave to Move to Amend His Complaint.

Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Here, the Report recommends that this Court grant Plaintiff leave to amend his complaint "to see if . . .

---

[5] Plaintiff states in his objections that the EEOC was responsible for properly investigating Plaintiff's charge, but did not sufficiently examine "job similarity" between Plaintiff and the allegedly similarly situated Director. (*Id.* at 5–6.) This Court need not assess the sufficiency of the EEOC investigation. The sole issue before this Court is whether Plaintiff sufficiently alleged claims under Title VII, the EPA, the EPL, 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL.

[6] In light of the fact that Plaintiff may successfully allege unlawful conduct through an amended complaint, he may also be able to bring plausible claims against individual Defendants Janis and Nguyen. As the Report properly concludes, however, claims against individual Defendants cannot succeed under Title VII. (Report at 20.)

Plaintiff can add allegations in order to cure his pleading defects." (Report at 21.) The Second Circuit has consistently held that if a liberal reading of a *pro se* litigant's complaint "gives any indication that a valid claim might be stated," a court should afford the litigant at least one opportunity to amend his claims, particularly when considering that Plaintiff is a *pro se* litigant. *Shelton v. Trs. of Columbia Univ.*, 236 F. App'x 648, 649–50 (2d Cir. 2007) (citation omitted). *See also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("*[P]ro se* plaintiffs should be granted special leniency regarding procedural matters."). Considering the additional relevant information that Plaintiff raises for the first time in his objections, leave to amend is appropriate.

## IV.   CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. The Moving Defendants' motion to dismiss, (ECF No. 30), is GRANTED. Plaintiff is GRANTED leave to file a letter motion to amend, attaching a proposed amended complaint. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
      April 21, 2020

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

8