UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                  :

OMER WAQAS KHWAJA,                 :

                                  :

                 Plaintiff,          :

                                  :          19 Civ. 7070 (JPC)

       -v-                     :

                                  :             OPINION

JOBS TO MOVE AMERICA, MADELINE JANIS, and :   AND ORDER
LINDA NGUYEN-PEREZ,              :

                                :

              Defendants.       :

                                :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In his Amended Complaint, Omer Waqas Khwaja brings a host of claims against his former employer, Jobs to Move America ("JMA"), and its co-founders, Madeline Janis and Linda Nguyen-Perez, alleging violations of federal and New York employment discrimination and labor laws. Defendants have moved to dismiss the Amended Complaint. The Honorable Stewart D. Aaron, United States Magistrate Judge, issued a Report and Recommendation, which recommended that Defendants' motion be granted, except with respect to most of Khwaja's sex discrimination and retaliation claims. Dkt. 74 ("Report"). Defendants filed objections, asking the Court to instead dismiss the Amended Complaint in its entirety. Dkt. 75 ("Objections"). For the reasons discussed below, the Court adopts the Report in full.

## I. Background

The facts and procedural history of this action are reviewed in detail in Judge Aaron's first Report and Recommendation, dated November 13, 2019, Dkt. 41, which recommended dismissal of the original Complaint, and in the Report now on review before this Court.

To briefly summarize, Khwaja worked as a Campaign Director at JMA from January 2018

until he was fired in February 2019.  *See* Dkt. 63 ("Amended Complaint") ¶¶ 11, 13, 36.  In the interim, Khwaja alleges that Defendants made comments disfavoring men, *see e.g.*, *id.* at ¶¶ 58, 65, 68, adopted hiring practices favoring women over men, *see id.* at ¶¶ 61, 79, favored female-headed offices over his own, *see id.* at ¶ 31-35, and prevented him from publishing a piece on sexual harassment under his own name because of his sex, *see id.* at ¶ 105.  Khwaja further alleges that he raised issues of sex discrimination within the Defendants' organization, *see id.* at ¶¶ 66, 69, as well as concerns related to its failure to comply with state anti-harassment law, *see id.* at ¶¶ 80, 116.  He further contends that his firing left the organization with no men in management positions. *See id.* at ¶ 14.

On July 31, 2019, Khwaja filed his original Complaint, suing Defendants for national origin, race, and sex discrimination under federal, New York State, and New York City laws.  *See* Dkt. 2.  On August 1, 2019, the Honorable George B. Daniels, to whom this case was previously assigned this case, referred the case to Judge Aaron for general pretrial supervision as well as to issue a Report and Recommendation on any dispositive motions.  Dkt. 4.  On September 20, 2019, Defendants moved to dismiss the original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 30.  On November 13, Judge Aaron issued a Report and Recommendation, recommending that the original Complaint be dismissed with leave to amend.  Dkt. 41.  On April 21, 2020, Judge Daniels adopted Judge Aaron's November 13, 2019 Report and Recommendation in its entirety.  Dkt. 51.  Several months later, on October 9, 2020, this case was reassigned to the undersigned.  Dkt. 59.

On November 23, 2020, Khwaja filed the Amended Complaint, which among other things, added new causes of action under the Fair Labor Standards Act ("FLSA") and various New York State wage-and-hour regulations codified under the New York Labor Law ("NYLL") and the New

2

York Codes, Rules & Regulations ("NYCRR").  *See* Amended Complaint ¶¶ 1, 202-217.  On December 21, 2020, Defendants moved to dismiss the Amended Complaint.  Dkt. 68.

On March 26, 2021, Judge Aaron issued the Report.  Judge Aaron recommended dismissing Khwaja's discrimination and retaliation claims based on national origin and race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), *id.* at Report at 3-7; dismissing Khwaja's equal-pay discrimination and retaliation claims under the Equal Pay Act ("EPA") and the New York Equal Pay Law ("EPL"), *id.* at 8-11; dismissing Khwaja's claims of overtime violations under the FLSA and the NYLL, *id.* at 17-18; and dismissing without prejudice Khwaja's claims of failure to pay in a timely manner in violation of the NYLL and failure to be furnished certain information with wage payments in violation of the NYLL and the NYCRR, for the absence of supplemental jurisdiction, *id.* at 19-21.  Judge Aaron further recommended dismissal of the listed "John Doe Defendants" and denial of leave to further amend the complaint.  *Id.* at 21-22.  Judge Aaron, however, recommended that the Court not dismiss Khwaja's discrimination and retaliation claims based on sex under Title VII, the NYSHRL, and the NYCHRL, including aiding and abetting such conduct in violation of the NYSHRL, except that Judge Aaron recommended dismissing any aiding and abetting claims against JMA.  *Id.* at 11-16.

On April 19, 2021, Defendants filed the Objections to the Report, raising various objections to Judge Aaron's recommendation that Khwaja's sex and retaliation claims largely survive dismissal.  As addressed below, Defendants raise five objections:  (1) Judge Aaron erroneously granted Khwaja "special solicitude as a *pro se* plaintiff"; (2) Khwaja "failed to state a plausible claim for gender discrimination under Title VII, New York State law, or City law"; (3) Khwaja

3

"failed to state a plausible case for gender retaliation under any law"; (4) Judge Aaron "fail[ed] to consider the jurisdictional appropriateness of proceeding on the New York City law"; and (5) Judge Aaron erred by not dismissing the claims against the individual Defendants, Janis and Nguyen, "because [Khwaja] failed to state a claim on any ground." Objections at 1-2.

## II.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party makes a proper and timely objection to a finding in a report and recommendation, the Court reviews that finding *de novo*. Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But if a party makes objections that are merely conclusory, or that rehash arguments made before the magistrate judge, the Court reviews only for clear error. *See Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009) (citation omitted). Similarly, if no objections are made, the Court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but only "more than a sheer possibility." *Id.* (citing *Twombly*, 550 U.S. at 556); *accord Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level." (citations omitted)). "[C]ourts may draw a reasonable inference of liability when the facts alleged are suggestive of, rather than merely consistent with, a finding of misconduct. The existence of other, competing inferences

4

does not prevent the plaintiff's desired inference from being unreasonable unless at least one of those . . . rises to the level of an 'obvious alternative explanation.'" *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp.*, 709 F.3d 109, 121 (2d Cir. 2013).

### III. Discussion

The Court first addresses Defendants' objections to the Report that relate to Khwaja's sex discrimination claims, then turns to those related to his retaliation claims, and concludes with two objections that pertain to both sets of claims. For reasons that follow, each objection is overruled.[1]

### A. Sex-Based Discrimination

Title VII makes discrimination with respect to the "compensation, terms, conditions, [or] privileges of employment" because of sex an "unlawful employment practice." 42 U.S.C. § 2000e-2(a). The burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs Title VII employment discrimination claims. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019). To ultimately prevail, "a plaintiff must first demonstrate a *prima facie* case of employment discrimination by showing that: '(1) [the plaintiff] was within the protected class; (2) [the plaintiff] was qualified for the position; (3) [the plaintiff] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.'" *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 324 (S.D.N.Y. 2020) (quoting *Menaker*, 935 F.3d at 30). "[O]nce a

---

[1] The Court readily overrules Defendants' first objection, which contends that Judge Aaron incorrectly gave Khwaja special solicitude as a *pro se* plaintiff. *See* Objections 5-6. It is correct that, on May 18, 2020, *pro bono* counsel filed a Notice of Appearance on behalf of Khwaja, Dkt. 54, and that attorney filed and signed Khwaja's brief in opposition to dismissal, Dkt. 72. But Judge Aaron's decision expressly recognized that Khwaja was represented by counsel, *see* Report at 1, and there is no indication that Judge Aaron liberally construed the Amended Complaint in a manner appropriate only for *pro se* litigants. Likewise, in this Opinion and Order, the Court does not give Khwaja's claims the benefit of a liberal construction, as should be afforded *pro se* submissions.

plaintiff produces minimal evidentiary support for the claim of discriminatory motivation, the burden of production shifts to the employer to articulate a non-discriminatory reason for the adverse employment action." *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). "But once the employer has set forth its non-discriminatory justification, the plaintiff must then produce evidence capable of carrying the burden of persuasion that the employer's action was at least in part motivated by discrimination." *Id.*; *see McDonnell Douglas Corp.*, 411 U.S. at 802-04. The same structure governs employment discrimination claims under the NYSHRL. *See Winston v. Verizon Servs. Corp.*, 633 F. Supp. 2d 42, 47 (S.D.N.Y. 2009). The standard under the NYCHRL, however, is somewhat more lenient: "the plaintiff need only show that [his] employer treated [him] less well, at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Chevreux North Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013).

Defendants object to Judge Aaron's recommendation that Khwaja's sex-based discrimination claims should survive on the grounds that Khwaja failed to state a claim upon which relief may be granted. Defendants agree that Khwaja is a member of a protected class and that he sustained adverse employment action in his termination, and concede for purposes of the instant motion that Khwaja adequately pleads his qualification for the position he held. *See* Objections at 6. The sole question remaining, then, is intent.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff has a "minimal burden to show discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). This is because, to defeat a motion to dismiss, a plaintiff "is not required to plead a *prima facie* case under *McDonnell Douglas*." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Rather, a plaintiff must "alleg[e] facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87; *see*

6

*Littlejohn*, 795 F.3d at 311 ("[T]he complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination[, but] . . . only . . . to a minimal inference of discriminatory motivation."). At this stage, "the question is not whether a plaintiff is *likely* to prevail, but whether the well-pleaded factual allegations *plausibly* give rise to an inference of unlawful discrimination, *i.e.*, whether plaintiffs allege enough to 'nudge[] their claims across the line from conceivable to plausible.'" *Vega*, 801 F.3d at 87 (alteration in original) (quoting *Twombly*, 550 U.S. at 570).

Defendants' objections to the sufficiency of Khwaja's claim of sex-based discrimination largely turn on inferences they seek to be drawn in their favor from his allegations. But at this procedural posture, all reasonable inferences must be drawn in favor of Khwaja. *See, e.g.*, *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (explaining that when considering a motion to dismiss, a court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor"). After reviewing the allegations in the Amended Complaint, this Court agrees with Judge Aaron that Khwaja has adequately stated a claim of sex-based discrimination.

While the Amended Complaint acknowledges that Defendants sometimes sought to hire men, *see* Complaint ¶ 62, Khwaja also alleges that for certain positions Defendants had explicitly discriminatory hiring practices, *see id.* at ¶¶ 63, 65. And while Defendants try to dismiss many of Khwaja's allegations as benign workplace conflicts or offer their spin on the evidence, *see* Objections at 8-12, at this stage the Court must accept the allegations of the Amended Complaint as true. To take just a couple of examples, Khwaja's allegations that Defendants knowingly provided greater support to female-headed than to male-headed offices, *see* Amended Complaint ¶¶ 31-35, and avoided hiring male managers like Khwaja, *see id.* ¶¶ 14, 63-66, 79, if true, give rise

to a "minimal inference of discriminatory motivation," *Littlejohn*, 795 F.3d at 311.  *See* Report at

12-13 (listing certain allegations made by Khwaja that support the "minimal inference" that gender

was a motivating in his termination (quoting *Vega*, 801 F.3d at 84)).  Moreover, even if each

individual incident had a potential benign explanation, a plaintiff may plead many individually

small "bits and pieces" to show a patterned "mosaic" of intent.  *Vega*, 801 F.3d at 86.  Judge Aaron

thus correctly determined that the pattern of sex-based treatment alleged in the Amended

Complaint plausibly gives rise to a sufficient inference of sex discrimination to survive dismissal.

*See* Report 11-13.

Defendants also argue that Khwaja's allegations that, in the workplace, Janis "[a]lmost on

a weekly basis leading up to [Khwaja's] termination . . . spoke disparagingly of men and

characterized them as 'violent,'" and that Janis called Khwaja "one of the few non-violent ones,"

Complaint ¶ 67, amount to irrelevant "stray remark[s]."  Objection at 13 (citing *Henry v. Wyeth*

*Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010)).  But repeated discriminatory comments by a

decisionmaker in the lead-up to a termination decision can give rise to a plausible inference of

discrimination.  *See St. Louis v. New York City Health & Hosp. Corp.*, 682 F. Supp. 2d 216, 230-

31 (E.D.N.Y. 2010).  Given the other allegations of discriminatory motivation in the Amended

Complaint, these comments further support a plausible inference of discriminatory intent.

**B.  Sex-Based Retaliation**

Title VII retaliation claims also follow the three-part *McConnell Douglas* framework and

once again the plaintiff "need only give plausible support to the reduced prima facie requirements"

at the motion to dismiss stage.  *Littlejohn*, 795 F.3d at 316.  The *prima facie* case requires the

plaintiff to participate in a protected activity known to the defendant and to suffer an adverse

employment action that was causally connected to the activity.  *See id.* (citing *Hicks v. Baines*, 593

F.3d 159, 164 (2d Cir. 2010)).  Again, the NYSHRL follows the federal standard.  *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013).  And again, the coverage of the NYCHRL is broader in favor of plaintiffs than federal law.  *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010).

Defendants argue that Khwaja fails to meet two of the elements of a *prima facie* case.  First, Defendants allege that they did not know of Khwaja's complaints about sex discrimination and the need to protect against it, *see* Objections at 15-16, yet they ignore instances in which Khwaja pleads the opposite.  He alleges that he raised his concerns about discrimination based on gender at a September 2018 staff meeting, *see* Amended Complaint ¶ 66, that "Defendants knew and opposed" his requests to train staff "on harassment and discrimination at work," *id.* ¶ 69, and that he discussed with Defendants his concerns with JMA's failure to comply with New York State's anti-harassment legislation, including staff training, and with the workplace's culture shortly before his termination, *see id.* at ¶¶ 115-17.  To the extent that Defendants disagree with these allegations, those are issues of fact that cannot be resolved on a motion to dismiss.

Second, Defendants contend that Khwaja's requests for sexual harassment and discrimination training occurred in September 2018, making them too far removed from his eventual firing in early February 2019 for a causal connection to exist.  *See* Objections at 17.  Khwaja, though, alleges that he had advocated for such training for "months," Amended Complaint ¶ 116; raised his concerns in a different staff meeting in November 2018, *id.* ¶ 80; and voiced his complaints about discrimination at the workplace and JMA's lack of anti-harassment compliance measures at an "investigatory conference" with Defendants on February 4, 2019, just two days before his termination, *id.* ¶¶ 112, 116-17, 121.

Although there is no bright-line rule, "district courts within the Second Circuit have

consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007). But "protected activity . . . followed closely" by discriminatory treatment can show causation. *Littlejohn*, 795 F.3d at 319. For example, in *Littlejohn*, a plaintiff who began complaining one year before her demotion and continued until one day before it stated a claim. *See id.* at 319-20. There may be a factual issue as to whether the decision to terminate Khwaja was made before the February 4, 2019 meeting, making causation a closer question. *See* Amended Complaint ¶¶ 110-111 (alleging that Khwaja's termination letter was composed before the February 4, 2019 meeting, during which it was read to Khwaja). But for now, Khwaja has alleged sufficient facts that, if proven, make liability "more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## C.  Khwaja's New York City Law Claims

Defendants argue that if this Court permits only Khwaja's NYCHRL sex-based claims to survive dismissal, it should dismiss those claims on jurisdictional grounds. Objections at 18. Because the Court denies dismissal of Khwaja's claims of sex-based discrimination and retaliation under Title VII, the NYSHRL, and the NYCHRL, it will continue to exercise supplemental jurisdiction over Khwaja's sex-based claims under the NYCHRL, which arise from the same set of allegations. *See* 28 U.S.C. § 1367.

## D.  Khwaja's Claims Against the Individual Defendants

Defendants object generally that Janis and Nguyen cannot be personally liable because Khwaja did not sufficiently allege discrimination. *See* Objections at 19. Because the Court concludes that Khwaja's sex-based discrimination and retaliation claims survive dismissal, his individual claims against Janis and Nguyen shall proceed.

10

**E.  Portions of the Report to Which No Objections Have Been Filed**

Neither party has objected to Judge Aaron's recommendations in the Report that this Court:
(1) dismiss Khwaja's discrimination and retaliation claims based on national origin and race under
Title VII, section 1981, the NYSHRL, and the NYCHRL, Report at 3- 7; (2) dismiss Khwaja's
equal-pay discrimination and retaliation claims under the EPA and the EPL, *id.* at 8-11; (3) dismiss
Khwaja's claims of aiding and abetting discrimination and retaliation based on sex against JMA;
(4) dismiss Khwaja's claims of overtime violations under the FLSA and the NYLL, *id.* at 17-18;
(5) dismiss without prejudice Khwaja's claims of failure to pay in a timely manner in violation of
the NYLL and failure to be furnished certain information with wage payments in violation of the
NYLL and the NYCRR, *id.* at 19-21; (6) dismiss the listed "John Doe Defendants," *id.* at 21; and
(7) deny leave to amend, *id.* at 21-22.

The Report, citing both Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1),
advised the parties that they had fourteen days from service of the Report file any objections, and
warned that failure to timely file such objections would result in waiver of any right to object.
Report at 23.  Aside from the Objections addressed above, the parties have waived the right to
object to the Report or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d
Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604-05 (2d Cir. 2008).

Notwithstanding this waiver, the Court has reviewed *de novo* review the entire Report,
including the portions not objected to, and finds it to be well-reasoned and its conclusions well
founded.

## III.  Conclusion

For the foregoing reasons, this Court adopts the Report in full. The Clerk of Court is
respectfully directed to terminate the motion pending at Dkt. 68.

11

SO ORDERED.

Dated: September 1, 2021
   New York, New York

            JOHN P. CRONAN
           United States District Judge