**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**

Counselors and Attorneys at Law

**Oakland**

475 14th Street, Suite 1200
Oakland, CA  94612
415.597.7200
Fax 415.597.7201

Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV)
John J. Davis (CA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA, NV)
Paul L. More (CA, NV, MA)
Sarah Varela (CA, AZ, NV)
Sarah Grossman-Swenson (CA, NV)
Kimberly Hancock (CA)
Kimberley C. Weber (CA, NV)
Richard Treadwell (CA)
Luke Dowling (CA)
Ivy Yan (CA)

Robert P. Cowell (1931-1980)

Philip Paul Bowe (CA) (Ret.)
Barry S. Jellison (CA) (Ret.)

**Las Vegas**

1630 Commerce Street, Suite A-1
Las Vegas, NV  89102
702.386.5107
Fax 702.386.9848

June 6, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2022
```

Hon. Stewart D. Aaron
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Khwaia v. Jobs to Move America et al.*, Case No. 19-cv-7070
      Letter Motion for Protective Order

Dear Judge Aaron:

The Defendants seek a protective order against Plaintiff:

(1)   Declaring that Plaintiff may not depose witness Sophia Reuss for a second day; and

(2)   Ordering Plaintiff to refrain from inquiring into irrelevant topics with a tendency to unreasonably annoy, embarrass, or oppress deponent Lorelei Christie, scheduled for deposition on Wednesday, June 6.

Defendants seek a ruling from the Court before proceeding on June 6.

**I.   Background Summary**

As the Court is aware from the conference held on May 6, 2022, Defendants objected to Plaintiff's last-minute discovery requests, but the parties agreed to amend the Discovery Order. The Court approved the stipulated discovery extensions. (ECF No. 100.) The two current disputes are related to the depositions for Lorelei Christie and Sophia Reuss. Both Christie and Reuss are former employees of Jobs to Move America who worked in the New York Office where Plaintiff was the Managing Director. Christie and Reuss were present during Plaintiff's "emotional outburst" in front of "two probationary female staff" that precipitated the investigation into and termination of Plaintiff. (ECF No. 63, Am. Compl. ¶ 106.) Plaintiff was fired in part for bullying and intimidating behavior towards the two deponents.

Originally, the parties agreed to have the deposition for Christie on May 30 after noon, and Reuss on June 3 after 11 am. Plaintiff needed to reschedule Christie's deposition; Christie offered June 6 or 8 after 4:30 pm. Plaintiff mistakenly scheduled a court reporter for Christie on June 3 at 4:30 pm and Reuss on June 8 at 11:30 am. The Parties agreed to hold Reuss's deposition on June 3 at 4:30 pm.

1

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

Hon. Stewart D. Aaron
June 6, 2022
Page 2

Reuss appeared for the deposition on June 3 at 4:30 pm and was represented by Melanie Prasad, an attorney working for Jobs to Move America. A second man joined Plaintiff and identified himself as an attorney with Plaintiff's law firm. Plaintiff took the role of asking questions during the deposition, but the second man gestured and waived to Plaintiff throughout the proceeding. The deponent found the hand signaling distracting. The second man interrupted at various points of the proceeding even though Plaintiff was supposed to be the attorney taking the deposition.

Plaintiff asked several inappropriate and irrelevant questions during Reuss's deposition including:
- Asking Reuss about conversations with her therapist; asking for the therapist's name; asking for the therapist's contact information
- Asking Reuss about her past experiences with harassment
- Asking Reuss extensive questions about the workers' compensation proceeding
- Asking Reuss about the Executive Director of her current employer
- Asking repetitive and argumentative questions

Plaintiff ended the deposition around 10 pm on June 3 because his headphones ran out of battery. Plaintiff has insisted on a second day to conclude his questions. See Attachment.

**II.    Requests for Relief**

Plaintiff's right to depose Reuss is limited to 1 day of 7 hours. Fed. R. Civ. P 30(d)(1). Nothing justifies an extension of that durational limit. Had Plaintiff refrained from asking irrelevant questions, he would have had time to complete all of his questions. The battery life of earbuds does not justify Plaintiff's insistence on a second day. Defendants seek the Court's guidance to resolve this dispute.

Moreover, Defendants are concerned by Plaintiff's questions which bear no relevance to the case *and* appeared to have annoyed, embarrassed, or oppressed deponent Sophia Reuss. Namely, the questions about her current supervisor, her prior experiences with sexual harassment, her conversations with her therapist, her therapist's name, and her therapist's contact information. These questions, especially from a former manager who was fired in part for bullying and intimidating behavior towards the deponent, are wholly inappropriate.

Defendants seek a protective order for the next-scheduled deposition for Christie. Plaintiff was Christie's direct supervisor before his termination. Specifically, Defendants seek an order barring Plaintiff from asking questions about Christie's current workplace outside of location and dates of employment; questions about Christie's confidential relationships or communications with psychologists (see also CPLR 4507); and questions about Christie's experiences with sexual harassment outside the incidents described in the Amended Complaint.

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

Hon. Stewart D. Aaron
June 6, 2022
Page 3

      Defendants seek a stay of the Christie deposition until the Court can rule on these disputes.

Dated: June 6, 2022                             **McCracken, Stemerman & Holsberry, LLP**

                                                              /s/ Kimberley C. Weber
                                                               Kimberley C. Weber
                                                               *Attorneys for Defendants*

Defendants' requested relief is GRANTED IN PART and DENIED IN PART. No further deposition testimony shall be taken from Sophia Reuss, pending further Order of the Court. No later than 6/14/2022, Plaintiff shall provide the Court with a copy of the Reuss deposition transcript, and the parties shall provide the Court with the total number of hours thus far spent questioning Reuss. The deposition of Christie shall proceed. If it can be shown from the deposition questioning that the Christie deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent, then Defendants may move to terminate or limit it, pursuant to Fed. R. Civ. P. 30(d)(3)(A). Plaintiff should understand that, if the Court grants Defendants' motion, then he may forfeit the right to continue the Christie deposition.

SO ORDERED:

Dated: 6/6/2022                                                        _____
                                                               Hon. Stewart D. Aaron
                                                               United States Magistrate Judge