UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
OMER WAQAS KHWAJA, :
:
:
Plaintiff, :
: 19 Civ. 7070 (JPC) (SDA)
-v- :
: ORDER ADOPTING
: REPORT AND
JOBS TO MOVE AMERICA *et al.*, : RECOMMENDATION
:
Defendants. :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Omer Waqas Khwaja commenced this action on July 29, 2019, roughly six months after being fired after an angry outburst at work.  He alleges, among other things, that his employer discriminated against him for being a man and on the basis of his race, and then retaliated by terminating him when he complained about this treatment.  Following the close of discovery, Defendants moved for summary judgment and sanctions against Khwaja.  The Honorable Stewart D. Aaron, United States Magistrate Judge, then issued a report and recommendation, Dkt. 135 ("Report and Recommendation"), which recommended that Defendants' motion for summary judgment be granted in full and that their motion for sanctions be denied.  Having reviewed that report and recommendation, as well as Khwaja's objections to it, the Court adopts it essentially in full, with one minor modification.

**I. Background**

The facts and procedural history of this action are reviewed in detail in the Report and Recommendation, as well as Judge Aaron's prior Reports in this case, Dkts. 41, 74.

As immediately relevant here, Judge Aaron issued the Report and Recommendation on October 22, 2022, recommending that Defendants' motion for summary judgment, Dkt. 109, be granted in its entirety and recommending denial of their motion for sanctions, Dkt. 123. Judge Aaron determined that Khwaja failed to rebut Defendants' legitimate non-discriminatory reasons for his termination, Report and Recommendation at 14, failed to show any discriminatory animus on the part of Defendants with respect to any other claimed adverse action, *see, e.g.*, *id.* at 20, and similarly failed to rebut Defendants' legitimate non-retaliatory justifications for those actions, *id.* at 24. Additionally, Judge Aaron determined that, despite Khwaja's failure to comply with Court-imposed deadlines, sanctions should be denied as an exercise of discretion. *Id.* at 27-28.

The deadline for parties to file objections to that Report and Recommendation was November 7, 2022. Report and Recommendation at 29. Khwaja filed his objections on November 8, 2022. Dkt. 136 ("Objections"). Defendants opposed those objections on November 21, 2022. Dkt. 137 ("Opposition").

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party makes a proper and timely objection to a finding in a report and recommendation, the Court reviews that finding *de novo*. Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To be proper, an objection must be "clearly aimed at particular findings," *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks omitted), and may not be "conclusory or general," *id.* (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)). Parties may neither "regurgitate the original briefs to the magistrate judge" nor introduce

new arguments that could have been raised before the magistrate judge in the first instance but were not. *Id.*; *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). If a party makes objections that are merely conclusory, or that rehash arguments made before the magistrate judge, the Court reviews only for clear error. *See Thomas*, 674 F. Supp. 2d at 511. Similarly, if no objections are made, the Court reviews a report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### III.  Discussion

Khwaja's objections are untimely. The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Report and Recommendation at 29. Because the fourteen-day deadline expired on Saturday, November 5, 2022, it was automatically extended to the following Monday, November 7, 2022. Fed. R. Civ. P. 6(a)(1)(C). Despite this lengthened deadline, Khwaja failed to file his objections by November 7, 2022, and instead filed them on November 8, 2022. Dkt. 136. Regardless that this deadline would have applied to any *pro se* party, *see Frank v. Johnson*, 968 F.2d 298, 299-300 (2d Cir. 1992), Khwaja is also an admitted attorney representing himself, and so he is not entitled to any special solicitude, *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

Here, Khwaja provided no reason to the Court for his failure to meet the deadline to file objections to the Report and Recommendation, did not request an extension of time to file his objections, and, even after Defendants correctly argued that Khwaja's objections were untimely, Opposition at 4, did not seek a *nunc pro tunc* extension of his deadline to file them. Nor is this the first time that Khwaja has missed Court-imposed deadlines. In fact, the very Report and

Recommendation for which Khwaja failed to file timely objections also addressed Defendants' motion for sanctions after Khwaja missed deadlines for his summary judgment opposition, Report and Recommendation at 27-28, and allegedly missed discovery deadlines, Dkt. 123 at 1-2.

While untimely objections are waived, the Court "may excuse the default in the interests of justice." *Demosthene v. City of New York*, 831 F. App'x 530, 536 (2d Cir. 2010) (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).  Such discretion "is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Because Khwaja's objections were filed only one day late, however, the Court will consider them on their merits.  But in the end, they are without merit.  Khwaja makes numerous objections to the Report and Recommendation, the vast majority of which are not specific, a regurgitation of the arguments he raised before Judge Aaron in his previous briefing with a new spin, or improper attempts to make new arguments regarding the merits of the underlying motion that should have been made before Judge Aaron.

There are a few exceptions.  First, Khwaja argues that the Report and Recommendation incorrectly states the time stamp on a communication sent between Khwaja and another employee.  Objections at 13.  The Court agrees that the message was sent at 1:02 p.m., not 8:37 a.m.  *See* Dkt. 111-3.  This objection is therefore sustained.  However, Khwaja presents no argument as to why that minor error makes any difference in Judge Aaron's analysis, nor does this Court see how it could.

Second, Khwaja claims that the Report and Recommendation incorrectly stated that Khwaja "has not denied allegations of yelling or speaking angrily to Defendant's female staff."

Objections at 14.  Judge Aaron determined that "Plaintiff does not appear to dispute that Defendants have offered legitimate nondiscriminatory reasons for his termination."  Report and Recommendation at 14.  In support, Judge Aaron states that "Plaintiff admits that he had an angry, emotional outburst in the presence of Christie and Reuss on January 15, 2019," citing to Khwaja's Amended Complaint and deposition testimony.  *Id.* at 14 n.19.  The Amended Complaint states that Khwaja "had an emotional outburst" on January 15, 2019.  Dkt. 63 ¶¶ 106-07.  At his deposition, Khwaja did not dispute that he had an angry outburst, claiming only that he was provoked.  Dkt. 115-1 at 216:3-13; *see also* Dkt. 122 at ¶ 56 (failing to indicate any dispute to Defendants' factual statement that an employee "had trouble understanding him in his angry state and felt she could not have a coherent conversation with him" on January 15).  The Court therefore concludes that Judge Aaron's determination was correct and this objection is overruled.

Finally, two more of Khwaja's objections are largely rehashes of arguments he previously made before Judge Aaron but the Court specifically addresses them *de novo* nonetheless.  These are Khwaja's claims that Judge Aaron improperly treated a series of allegedly retaliatory acts as "piecemeal events," Objections at 19, 21, and improperly determined that Khwaja's first, third, and fourth complaints did not constitute protected activity, *id*.  These argument echo Khwaja's initial briefing, in which he argued that these complaints were protected activity, Dkt. 120 at 18, and that he was subject to an "escalating chain of retaliatory acts," *id*.  Judge Aaron addressed those arguments in his Report and Recommendation.  *See* Report and Recommendation at 22-24 & n.27.  The Court has reviewed those portions of the Report and Recommendation highlighted by Khwaja and agrees with Judge Aaron's analysis and conclusions.  Specifically, Judge Aaron considered the entirety of the alleged protected activity identified by Khawaja—considering both whether the acts amounted to protected activity and, for the one activity that might, whether there

was a causal connection to Khawaja's termination—and correctly determined that Khwaja failed to present evidence for all elements of any given claim of retaliation.  *Id.* at 22-24.  In connection with the three acts that Judge Aaron determined did not amount to protected activity, Judge Aaron's analysis was legally sound and entirely correct.  The Court agrees that Khwaja's evidence of those acts—which entailed him pushing back on the listed authorship of an article (a decision he first agreed to); making unspecified complaints about his work responsibilities, leave, and compensation; and advocating for increased sexual harassment training—did not establish protected activity for purposes of Title VII.  Moreover, as Judge Aaron also correctly determined, even had Khwaja established a *prima facie* case of retaliation under Title VII, Defendants have pointed to non-retaliatory, legitimate reasons for his termination and Khwaja has not adduced evidence of but-for causation as required.  *Id.* at 24-25

Because the remainder of the arguments made by Khwaja in his objections are either conclusory or rehash arguments made before Judge Aaron, this Court typically would review the corresponding portions of the Report and Recommendation only for clear error.  *See Thomas*, 674 F. Supp. 2d at 511.  Notwithstanding, this Court has conducted *de novo* review of the entire Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety, aside for the one small typographical correction noted above.

## IV.  Conclusion

Having resolved Khwaja's objections and further conducted *de novo* review of the Report and Recommendation, the Court agrees that the Defendants' motion for summary judgment should be granted.  Accordingly, the Court ADOPTS the Report and Recommendation essentially in full, with the lone minor modification that "8:37 a.m." in footnote four should read "1:02 p.m."  The

Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 109, 117, and 123, enter judgment, and close this case.

    SO ORDERED.

Dated: March 31, 2023
       New York, New York

                                                    JOHN P. CRONAN
                                            United States District Judge